## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-51255
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISRAEL LOPEZ DENOVA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CR-161-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Israel Lopez Denova (Lopez) appeals his 240-month sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine, possession with intent to distribute 500 grams or more of cocaine, and possession of a firearm during a drug trafficking offense. He asserts that the evidence did not support the district court's finding that he should receive a four-level enhancement as a leader or organizer of the criminal activity under the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sentencing Guidelines. The district court was required to consider whether he exercised decision-making authority, the nature of his participation in the offense, whether he recruited accomplices, whether he claimed a larger share of the fruits of the crime, his degree of participation in the planning or organizing, the nature and scope of the illegal activity, and Lopez's degree of control and authority over others. *See United States v. Puig-Infante*, 19 F.3d 929, 944 (5th Cir. 1994); U.S.S.G. § 3B1.1, comment. (n.4).

The record shows that Lopez hired, supervised, and paid someone to help him receive and process up to 100 kilograms of cocaine as part of a sophisticated scheme in which the drugs were smuggled into the Austin area in car batteries. It showed that he leased the "stash house" where the batteries were brought for the cocaine to be removed. It also showed that he arranged to sell five kilograms of cocaine to a confidential informant and that he transported the cocaine to meet the informant. It established that the trafficking operation involved five or more persons. The district court's finding that Lopez was a leader or organizer was not clearly erroneous. *See Puig-Infante*, 19 F.3d at 944; U.S.S.G. § 3B1.1, comment. (n.4).

Lopez also asserts that a guidelines sentence was greater than necessary to effectuate the sentencing goals of 18 U.S.C. § 3553(a). We apply a presumption of reasonableness to sentences that fall within a properly-calculated guidelines range, including sentences for drug trafficking offenses. *See United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006). Although Lopez asserts that the presumption does not apply under *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558, 575 (2007), *Kimbrough* did not affect the presumption. *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009), *petition for cert. filed* (June 24, 2009) (No. 08-11099). It merely held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a

sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine run case." *Kimbrough*, 128 S. Ct. at 575.

Lopez specifically contends that a guidelines sentence was higher than necessary to deter others and promote respect for the law. Because he raised these issues in the district court, we review them for an abuse of discretion. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565 n.6 (5th Cir. 2008). Lopez further contends that his sentence was unreasonably high in light of his clean criminal record, his family, his cultural assimilation into the United States, his status as a good father, his age (34), his remorse, his "good work history," and because the leader/organizer enhancement unfairly treated him like a violent career criminal. Because Lopez did not raise these objections in the district court, we review them for plain error. *See United States v. Whitelaw*, --- F.3d ---, 2009 WL 2515670, at *2 (5th Cir. 2009) (revocation of supervised release); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007) (criminal conviction).[1]

The district court carefully considered the record, the parties' arguments, the Sentencing Guidelines, and the factors under 18 U.S.C. § 3553(a) before determining that a sentence in the middle of the guidelines range was appropriate. The court found, inter alia, that the offense conduct was "extremely serious" and that there was no indication that Lopez would have stopped trafficking cocaine if he had not been arrested. Lopez fails to rebut the presumption of reasonableness or to show that the district court committed any error, plain or otherwise, in imposing the guidelines sentence. *See Whitelaw* --- F.3d ---, 2009 WL 2515670, at *2; *Alonzo*, 435 F.3d at 554. The judgment of the district court is AFFIRMED.

---

[1] In addition, Lopez suggests that the district court improperly relied upon his refusal to cooperate in denying a downward variance. However, there is no indication that Lopez's refusal to cooperate affected the sentencing determination.